UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cr-00299-MOC-DCK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **ALVARO FRANCISCO-SALGUERO,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion for Revocation of Detention Order/Appeal entered by the Honorable David C. Keesler, United States Magistrate Judge. The detention Order was stayed at defendant's request and without objection from the government. In conducting such review, the court has considered the defendant's supporting brief, the Factual Basis for the Plea, and listened to recording of the detention hearing as well as the Rule 11 proceeding.

As the magistrate judge determined, detention of defendant was *mandated* by 18, United States Code, Section 3143(a)(2), after the court accepted defendant's plea to conspiracy to possess with intent to distribute five kilograms or more of cocaine, a Schedule II controlled substance, a violation of 21 U.S.C. § 846 and 841(a)(1). Section 3142(a)(2) provides:

> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—
>
> (A) (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and

1

(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2). Where a defendant pleads guilty to a drug offense carrying a maximum possible penalty of at least ten years, this provision provides that the court "shall" detain the defendant where the defendant cannot meet either the A(i) or A(ii) exception. Id.

Defendant's only remedy from Judge Keesler's lawful Order is found in 18, United States Code, Section 3145(b)&(c), which provides as follows:

> **(b) Review of a Detention Order.**— If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.
>
> **(c) Appeal From a Release or Detention Order.**— An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143 (a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143 (a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are <u>exceptional reasons why such person's detention would not be appropriate.</u>

18 U.S.C. § 3145(b)(&(c) (emphasis added). This "exceptional circumstance" requirement, applicable to cases on appeal to the Fourth Circuit under Section 3145(c), has been read to also guide a district court's review of a magistrate judge's Detention Order under Section 3145(b). See United States v. Goforth, 546 F.3d 712 (4th Cir. 2008).

Turning to what constitutes exceptional circumstances, in United States v. Vilaiphone, 2009 WL 412958 (Feb. 19, 2009 W.D.N.C.), the court held that "Courts generally have defined 'exceptional reasons' as circumstances which are 'clearly out of the ordinary, uncommon, or rare.'" Id. at 2 (citation omitted). "Hardships that commonly result from imprisonment do not meet the standard." United States v. Garcia, 340 F.3d 1013, 1022 (9th Cir.2003). In this case,

defendant outlines a number of circumstances involving his involvement in the drug conspiracy and the reductions he believes he will receive at sentencing, including qualifying for a mitigating role reduction (pursuant to the Plea) and for the Safety Valve reduction. Defendant contends that qualifying for the mitigating role reduction is in-and-of itself an exceptional circumstance. Defendant also notes his adjustment while on pretrial release, including his life-long abstinence from use of controlled substances and alcohol, his lack of criminal history since becoming a United States citizen, and his having a fulltime job.

While this court is not unsympathetic to defendant's circumstances, the factors that may well mitigate the severity of his sentence are in no way "exceptional" as that term has been defined in relation to Section 3145. Here, defendant has pled guilty to being a participant in a conspiracy involving *substantial* amounts of cocaine and his services as a translator most certainly furthered the purposes of such conspiracy. While defendant argues essentially that he had no control over the amounts of cocaine being moved, he admits as part of the factual basis that he brokered cocaine relationships for Defendant Sanchez-Zepeda. Factual Basis (#64) at ¶ 25. According to the factual basis, these relationships involved *substantial* multiple-kilo quantities of cocaine. Id. at ¶¶ 1-24. While the factors that defendant cites may well result in a lower sentence, there simply is no justiciable reason under the statute for defendant to be released pending sentencing.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Revocation of Detention Order/Appeal (#73) is **DENIED**, the **STAY** of the Order of Detention is **LIFTED**, and defendant is **REMANDED** to the custody of the United States Marshal for detention pending sentencing.

Signed: August 23, 2016

Max O. Cogburn Jr.
United States District Judge